UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DONALD RYDELL, | |
| Petitioner, | CIVIL ACTION NO. 3:24-cv-02251 |
| v. | (SAPORITO, J.) |
| WARDEN ARVIZA, *et al.*, | |
| Respondents. | |

## ORDER

Donald Rydell filed this petition from FCI-Allenwood Medium pursuant to 28 U.S.C. § 2241. He asserted that he was wrongly dismissed from the prison's Residential Drug Abuse Program ("RDAP"), challenged the Bureau of Prisons ("BOP") calculations of his time credits, and asserted his entitlement to immediate prerelease custody. *See* (Doc. 1). Because Rydell is no longer in BOP custody, the Court dismisses the petition as moot.

A *habeas corpus* petition is moot when it no longer presents a "case or controversy" under Article III, Section 2, of the Constitution. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citations omitted); *see also Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a

plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot."). Therefore, a *habeas* petition "generally becomes moot when a prisoner is released from custody before the court has addressed the merits." *DeFoy v. McCullough*, 393 F.3d 439, 441 (3d Cir. 2005).

Disputes about time credits[1] may "affect the timing of an inmate's conditional release from prison, but they do not alter the sentence itself. [Once Rydell] served the entire term of imprisonment and was released upon its completion . . . time credits ceased to have any effect." *Scott v. Schuykill FCI*, 298 F. App'x 202, 204 (3d Cir. 2008). Challenges regarding a prisoner's lack of access to RDAP and any related reduction in sentence are also moot once the prisoner has been released. *See, e.g., Sherrill v. Ebbert,* No. 4:15-CV-2336, 2016 WL 4945285 (M.D. Pa. Sept. 16, 2016). In this case, public records show that Rydell has been released from BOP custody, and he has not responded to the Court's order to show cause why

---

[1] In supplemental filings, Rydell further alleged that prison staff were retaliating against him for pursuing this petition. *See* (Docs. 9, 10). Rydell would not be entitled to judicial review of any retaliation claims in a habeas case, but dismissal of this petition is without prejudice to any civil rights action he may file. *See Concepcion v. Oddo*, No. 3:17-CV-2171, 2018 WL 4002897, at *1 n.1 (M.D. Pa. Aug. 22, 2018).

the petition should not be dismissed. *See* (Doc. 16).

Accordingly, **IT IS HEREBY ORDERED** that the petition (Doc. 1) is

**DISMISSED** as moot, and the Clerk is **DIRECTED** to close the case.


Dated: July 30, 2026                    *s/Joseph F. Saporito, Jr.*
                                        JOSEPH F. SAPORITO, JR.
                                        United States District Judge